■ In the Matter of ALAN I. FRIESS, as Judge of the Criminal Court of the City of New York, Respondent-Appellant, v NEW YORK STATE COMMISSION ON JUDICIAL CONDUCT et al., Appellants-Respondents, and SIMON J. LIEBOWITZ, as Designated Referee of the Commission on Judicial Conduct, Respondent. — Order and judgment (one paper) of the Supreme Court, New York County

(Shorter, J.), entered June 23, 1982 unanimously modified, on the law, to strike therefrom the first decretal paragraph and to strike the word "other" on the first line of the second decretal paragraph and, except as so modified, affirmed and the petition dismissed, without costs. Alan I. Freiss, a Judge of the Criminal Court of the City of New York, brought this CPLR article 78 proceeding to restrain the New York State Commission on Judicial Conduct (the Commission) from proceeding against him under subdivision 4 of section 44 of the Judiciary Law and for other relief. Special Term granted the application to the extent only of severing Charges Nos. 1 and 2 of the formal written complaint and directing that a separate hearing be scheduled on each of these charges, each before a different referee. Respondent, the New York State Commission on Judicial Conduct, was established by the adoption of section 22 of article VI of the State Constitution, which became effective in 1977. By subdivision 1 of section 44 of the Judiciary Law, it is empowered to "receive, initiate, investigate and hear complaints with respect to the conduct, qualifications, fitness to perform, or performance of official duties of any judge". Pursuant to subdivision 4 of that section, it is authorized to serve a formal written complaint upon a member of the judiciary and to make provision for hearings to be held in connection therewith. On January 26, 1982 petitioner presided in the Criminal Court during the sentencing of the defendant in a case entitled *People v Jones*. Newspaper accounts indicated that petitioner suggested possible alternative sentences of either 20 or 30 days to be imposed upon defendant, to be determined by the toss of a coin. On February 2, 1982 the administrator of the Commission directed a letter to petitioner, which was hand-delivered to him, bringing the matter to his attention and requesting that he comment upon the propriety of his action. Included was a request for statements, if any, made by the Assistant District Attorney. Also sought was comment by petitioner on "whether it occurred to you that it might be improper to determine between the two alternatives by flipping a coin". The letter requested that petitioner respond to the allegations within one week. By letter dated February 4, 1982 counsel for petitioner requested an extension of time to respond because of counsel's busy schedule. On February 9, 1982, the administrator wrote to Judge Freiss indicating that the Commission was investigating a second charge against him involving an incident which occurred in the Summons Part of the Criminal Court while he was presiding there on June 22, 1979. The matter arose out of a summons directed to one Louis Santiello at the request of one John D. Haisley who was seeking the issuance of a complaint for harassment against Santiello. Seemingly, both of the parties argued their positions with great earnestness and, perhaps, even greater vehemence. The complaint, filed by Mr. Haisley against Judge Freiss, charged that Judge Freiss had decided the matter by submitting it to a show of hands by spectators in the courtroom. Request was made that petitioner respond to the complaint by February 16, 1982. By letter dated February 11, 1982, addressed to petitioner's counsel, petitioner's time to respond to both complaints was extended to February 16, 1982. On February 16, 1982, the administrator received the stenographic transcript of the proceedings in *Haisley v Santiello* held on June 22, 1979. A copy thereof was hand-delivered to Judge Freiss' attorney. Petitioner failed to answer the two charges made against him by February 16, 1982. The time to do so was, therefore, extended to February 22. On that day there was an exchange of letters between petitioner's counsel and the administrator from which it is reasonably inferable that while Judge Freiss would hold himself available to answer questions by the administrator he would not respond in writing, as had been requested. Accordingly, on February 25, the Judge was served with formal written

charges. These charges were two in number. The first referred to the *Haisley v Santiello* proceeding and dealt with the dismissal of the matter against Santiello predicated upon a showing of hands; the second dealt with the utilization of the coin-flipping procedure in determining the sentence to be imposed on defendant in *People v Jones*. Judge Freiss interposed his answer on March 15. With respect to the *Haisley v Santiello* charge he asserted that the transcript was based on an extract taken out of context and by consequence distorted the full proceeding. He also asserted two affirmative defenses to that charge: (1) that the charge should be dismissed on the ground of laches since more than two and one-half years had elapsed between the complaint and the charge; and (2) that because of the nature of the conflict between the parties the interchange between them was extremely heated and highly emotional. By consequence, it became necessary to end it and he did so in a manner satisfactory to the parties and necessary to the maintenance of the dignity of the court. As to the second charge, he admitted the coin-tossing incident. In an affirmative defense applicable to both charges he asserted that his conduct was in conformity with the highest moral and ethical standards of the judiciary and sought dismissal of both charges. On March 18, the clerk of the Commission notified the parties that it had designated a referee, a respected retired Justice of the Supreme Court, Kings County, to hear and report to the Commission with his findings and conclusions. Some two weeks later Judge Freiss moved to dismiss the formal complaint and to remand the matter back to its investigatory stage so that he might be afforded the opportunity to present relevant evidence to the Commission. In the alternative he requested that the charges be severed; the referee recused; and that the Commission provide in writing the standards which would govern affirmance or disaffirmance of the referee's report. The administrator opposed the motion, noting that Judge Freiss had been afforded the opportunity to respond to the charges during the investigatory stage, but had *not* availed himself of the opportunity; that any motion to sever ought to be directed to the referee and that the standards sought by petitioner were embodied in section 7000.6 (h) of the Rules of the Commission (22 NYCRR 7000.6 [h]). By order dated April 12, the Commission denied Judge Freiss' motion. The following day, this proceeding was instituted. Since we take issue only with Special Term's determination to sever the two charges and its direction that each be tried before a separate referee, we deal solely with that point. Petitioner bases his claim to severance on the lack of interrelation between the charges, resulting in the increased possibility that the cumulative effect of the evidence will lead to an adverse result. Thus, he analogizes his position to that of a defendant in a criminal proceeding and seeks relief appropriate to such a proceeding. The answer to the issue posed is manifold. The instant proceeding is not a criminal proceeding. Not alone are the purposes different but the penalties are utterly disparate in quality and in degree. Whatever the effect of an adverse decision on the career of petitioner, no "fundamental liberty issue" is at stake. More importantly, the hearer of fact is not a lay jury, the members of which are called upon to pass judgment sporadically and on rare occasions. The referee who will hear the matter is a seasoned former jurist, fully capable of distinguishing the proof submitted on one charge from the proof submitted on the other. Indeed, in his capacity as a Justice he was undoubtedly called upon to instruct juries on just that question on innumerable occasions. It is, therefore, highly unlikely that his judgment on either charge would be influenced by proof submitted in connection with the other. Finally, the referee is not the ultimate arbiter. His function is to hear and report with his recommendations to the Commission which will finally determine the matter subject to such judicial review as is authorized by law. In

these circumstances, there is no warrant for the costly and time-consuming duplicative effort inherent in a severance of the charges with the requirement that each be heard before a different referee. Concur — Markewich, J. P., Silverman, Bloom and Fein, JJ.